## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
_____

LINDA HEGERMAN,

                Plaintiff,          CIVIL NO.: _____

v.

                                   **COMPLAINT**

ASSOCIATED CREDITORS
EXCHANGE, INC.,

                           **JURY TRIAL DEMANDED**

                Defendant.
_____

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3.    Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

### PARTIES

4.    Plaintiff Linda Hegerman (hereinafter "Plaintiff"), is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant Associated Creditors Exchange, Inc. (hereinafter "Defendant"), is a collection agency operating from an address of 3443 North Central Avenue, Suite 1100, Phoenix, AZ 85012 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6.  Sometime prior to July 2009, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7.  Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

8.  On or about November 10, 2010, Defendant left a message on Plaintiff's telephone which failed to communicate that Defendant was a debt collector and attempting to collect a debt.  Defendant's message also failed to meaningfully disclose the caller's identity.

9.  Defendant's debt collection agent threatened that Defendant would sue Plaintiff which upon information and belief was a threat to take action that could not legally be taken or that was not intended to be taken.

10. The conduct of Defendant in failing to meaningfully disclose the caller's identity, to communicate that Defendant is a debt collector and attempting to collect a debt, and threatening to take any action that cannot legally be taken or that is not intended to be taken is a violation of numerous and multiple

provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d(6), 1692e, 1692e(5), 1692e(11) and 1692f amongst others.

**Respondeat Superior Liability**

11.    The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

12.    The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

13.    By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

14.    Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

15.    The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions

of the FDCPA identified above.

16.    Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of sleeplessness; fear of answering the telephone or door; depression; chest pain; feelings of hopelessness, guilt, and worthlessness; and physical symptoms.

17.    Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## **TRIAL BY JURY**

18.    Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## **CAUSES OF ACTION**

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

19.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.    The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

21.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

22.    For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

23.    For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

24.    For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  April 13, 2011

 s/ Mark L. Vavreck                                   .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com